**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1335**

YOHANNES GEBREIZBABHER HADGU,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A96-290-146)

Submitted:  October 24, 2005          Decided:  November 4, 2005

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

David A. Garfield, LAW OFFICE OF DAVID GARFIELD, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Office of Immigration Litigation, Maureen T. Casey, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yohannes Gebreizbabher Hadgu, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals adopting and affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Hadgu challenges the immigration judge's determination, adopted by the Board, that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Hadgu fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief he seeks.

We also uphold the denial of Hadgu's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Hadgu fails to show that he

- 2 -

is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Additionally, we find that substantial evidence supports the finding that Hadgu fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). We conclude that Hadgu failed to make the requisite showing below.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED